# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT HARRIS, | |
| Plaintiff, | CIVIL ACTION NO. 3:01-CV-220 |
| v. | (JUDGE CAPUTO) |
| MARTIN F. HORN, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants' Second Motion For Summary Judgment. (Doc. 162.) For the reasons set forth below, Defendants' motion will be granted. The Court will also decline to exercise jurisdiction over Plaintiff's remaining state law claims. Accordingly, those claims will be dismissed. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## BACKGROUND

The factual and procedural background of the instant matter have been recited numerous times in the Court's previous memoranda. Therefore, for the purposes of this motion, a brief summary will suffice. At the heart of the instant controversy is Policy 6.5.1 ("Policy"). The Policy prohibits certain inmates housed in the Long Term Segregation Unit ("LTSU") from receiving incoming periodicals such as newspapers and magazines. Plaintiff and fellow inmate Purcell Bronson commenced this action on January 11, 2001, by filing a petition for review with the Commonwealth Court of Pennsylvania. Defendants then removed the action to the United States District Court for the Middle District of

Pennsylvania on February 2, 2001.  Thereafter, Plaintiff filed an Amended Complaint,[1] in which he alleged the Policy violates the United States Constitution and unidentified state laws.  Defendants filed their Answer to Plaintiff's Amended Complaint on June 4, 2002.  Magistrate Judge Smyser then recommended that the case proceed to trial.  During a pretrial conference, Defendants' counsel suggested Plaintiff's claims for prospective relief were mooted in light of his removal from the LTSU.  In addition, Defendants' counsel argued that Plaintiff's claims for money damages are barred by the doctrine of qualified immunity.  In the Court's August 12, 2003, Memorandum and Order, Defendants' motion to dismiss on the basis of qualified immunity was denied.  Defendants' filed a motion for reconsideration on August 26, 2003, which was also denied.  The Court, however, permitted the parties to file motions for summary judgment on or before April 25, 2005 with respect to Plaintiff's remaining claims against Defendants in their official capacities.  Defendants filed a motion for summary judgment on April 11, 2005.  Plaintiff never filed a brief in opposition.  Nonetheless, the matter is ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable

---

[1] As previously noted, Mr. Bronson is not included as a plaintiff in the Amended Complaint, and was deemed to have withdrawn from the case. (Doc. 147 at 2 n.1.)

2

substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  *See id.* at 248.  It is also important to note that despite Plaintiff's failure to oppose the instant motion, the Court is compelled to conduct an analysis of the merits of Defendants' arguments.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991).

## DISCUSSION

Defendants first argue that they are entitled to summary judgment on Plaintiff's claims brought against them in their official capacities pursuant to 42 U.S.C. § 1983 because states and state officials acting in their official capacities are not "persons" under § 1983.  That states and state officials acting in their official capacities do not qualify as "persons" under § 1983 is now axiomatic.  By applying rules of statutory construction, the Supreme Court held in *Will v. Michigan Department of State Police* that Congress simply did not intend to place states within the reach of § 1983 liability.  491 U.S. 58, 62-71 (1989).  The Supreme Court also reasoned that because a suit against a state official acting in his or her official capacity is no different than a suit against the state, there is no distinction between the two for purposes of § 1983.  *Id.* at 71.

Defendants Martin Horn, Paula Toski, and Phillip Johnson were, at all relevant times, employed by the Pennsylvania Department of Corrections.  (Doc. 1 at 4.)  This fact has never been disputed.  The Pennsylvania Department of Corrections is a part of the executive department of the Commonwealth.  *Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000) (citing 71 PA. STAT. ANN. § 61).  Consequently, Defendants are all state

3

officials.  Therefore, because Plaintiff seeks to hold Defendants liable in their official capacities, Defendants do not fall within the scope of § 1983's definition of "persons."

It is of note that in a recent "non-precedential" opinion, the Third Circuit Court of Appeals held that in light of the Supreme Court's ruling in *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), a § 1983 suit against a state may proceed where the state has invoked the removal procedures of 28 U.S.C. § 1441. *Fidtler v. Pennsylvania Dept. of Corr.*, No. 01-3994, 55 Fed. Appx. 33, 35 (3d Cir. 2002). In *Lapides*, the Supreme Court held that where a state has waived its sovereign immunity and consented to suit in state court on state law grounds, the state may not then remove the case pursuant to § 1441 and invoke Eleventh Amendment immunity. *Lapides,* 535 U.S. at 620.  However, the Supreme Court also noted:

> It has become clear that we must limit our answer to the context of state-law claims . . . because [the plaintiff's] only federal claim against the state arises under . . . § 1983 . . . and we have held that a State is not a 'person' against who a § 1983 claim for money damages might be asserted.

*Id.* at 617.  Consequently, the Court finds that contrary to the holding of *Fidtler*, the rule of law pronounced in *Will* remains in tact.  *See also Crawford v. Pennsylvania*, No. 1:CV-03-693, 2003 WL 22169372, at *4 (M.D. Pa. Sept. 12, 2003) (Kane, J.).  Accordingly, the Court finds that Defendants are entitled to summary judgment on Plaintiff § 1983 claims against them in their official capacities.

Defendants next argue that they are entitled to summary judgment based on the Eleventh Amendment's guarantee of sovereign immunity.  While Defendants' argument certainly presents interesting and novel issues of law, any discussion by the Court would

4

certainly be superfluous in light of the its determination that Defendants do not qualify as "persons" under § 1983. Accordingly, the Court declines to comment on the merit of Defendants' contention.

Finally, Defendants argue that the Court should dismiss Plaintiff's remaining state claims. Section 1367(a) states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Cases that "derive from a common nucleus of operative fact" with federal claims are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The state law claims raised by Plaintiff derive from the same operative facts as the federal law claims, giving the Court jurisdiction under § 1367(a). The Court, however, "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). The Supreme Court has indicated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers*, 383 U.S. at 726.

Here, the Court will grant summary judgment on the only remaining federal claim. The only claims which remain are Plaintiff's unidentified state law claims. The Court declines to exercise jurisdiction over these unknown state law claims. Therefore, the

Court will dismiss the remaining state law claims for lack of jurisdiction pursuant to § 1367(c).

## CONCLUSION

The Court finds that Defendants are not "persons" under § 1983. Therefore, Defendants' motion for summary judgment will be granted. In addition, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, the Court will dismiss those claims pursuant to § 1367(c).

An appropriate Order follows.

May 27, 2005    /s/ A. Richard Caputo
Date    A. Richard Caputo
    United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAMONT HARRIS,

    Plaintiff,

    v.

MARTIN F. HORN, et al.,

    Defendants.

CIVIL ACTION NO. 3:01-CV-220

(JUDGE CAPUTO)

### ORDER

**NOW**, this __27th__ day of May, 2005, **IT IS HEREBY ORDERED** that:

(1)    Defendants' Second Motion For Summary Judgment (Doc. 162) is **GRANTED**.

(2)    Plaintiff's remaining state law claims are **DISMISSED**.

(3)    The Clerk of the Court shall mark this case **CLOSED**.

                                                 /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge